RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE 10-8-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 OCT -8 P 3:05
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BRAINTREE HOSPITAL LLC<br>d/b/a Northeast Specialty Hospital<br>of Braintree,<br><br>          Plaintiff,<br><br>vs.<br><br>VIRGINIA SULLIVAN, JOHN SULLIVAN,<br>and PLUMBER'S UNION, LOCAL NO. 12<br><br>          Defendants. | CIVIL ACTION<br>NO.<br><br>04 12136 |

MAGISTRATE JUDGE _____

### DEFENDANT PLUMBER'S UNION, LOCAL NO. 12's NOTICE OF REMOVAL

1. On or about August 24, 2004, a complaint was filed by Plaintiff Braintree Hospital LLC d/b/a/ Northeast Specialty Hospital of Braintree (hereinafter "Braintree Hospital") against Defendants Virginia Sullivan, John Sullivan (hereinafter the "Sullivans") and Plumber's Union, Local No. 12 (hereinafter the "Union") in Norfolk Superior Court, Norfolk County, Commonwealth of Massachusetts, Civil Action No. 04-01384, a copy of which is attached hereto and incorporated herein by reference as Exhibit "1". The Complaint was served on Defendants Virginia Sullivan and John Sullivan on September 8, 2004 and upon the Union on September 15, 2004.

2. As alleged in the Complaint, Braintree Hospital alleges state law breach of contract and other state law claims against the Sullivans as a result of alleged hospital services provided to Virginia Sullivan by Braintree Hospital and allegedly not paid for by the Sullivans.

3. Braintree Hospital alleges that the Union provides welfare, pension, annuity, and health insurance benefits to its members and families. The Complaint alleges that Braintree

Hospital dealt with the Union and entered into an insurance agreement covering the amount the Union would pay for claims incurred by Virginia Sullivan under its welfare plan when submitted by Braintree Hospital.

4. The welfare benefits allegedly provided by the Union and referenced in the Complaint, ¶5, relate to an "employee welfare benefit plan" covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq. As a result, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. §1331 and §502(e)(1) of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §1132(e)(1). This action is therefore properly removable to federal court pursuant to 28 U.S.C. §1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Because employee welfare benefit plans are so pervasively regulated by federal law through ERISA, Braintree Hospital's claim against the Union is "necessarily federal in character." Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58, 67 (1987). See also Fitzgerald v. Codex Corp., 882 F.2d 586, 587-588 (1st Cir. 1989); Davidson v. Life Ins. Co. of North America, 716 F. Supp. 674, 675-676 (D. Mass. 1989). This action is therefore properly removable to federal court pursuant to 28 U.S.C. §1331 and §1441.

5. The consent of the other Defendants, Virginia Sullivan and John Sullivan, to this removal, which has not been given, is not required pursuant to 28 U.S.C. §1441(c), which provides that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise

nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." The claims against the Sullivans as alleged in the Complaint derive from a separate and independent contract (attached to the Complaint) arising under state law and alleged medical services provided to Virginia Sullivan by Braintree Hospital. There is no single wrong alleged by Plaintiff but two separate types of claims or wrongs, one based upon an alleged contract between the Sullivans and Braintree Hospital, and another against the Union based upon the alleged failure to make payment under the provisions of a health plan. Thus the claim against the Union derives from its alleged provision of an employee welfare benefit plan and its alleged failure to pay claims under such plan, for which this Court has original jurisdiction. The consent of other defendants is not required for removal because the claim or cause of action against the Union is separate and independent of the claims against the Sullivans and therefore authorized under 28 U.S.C. §1441(c). Compare, Courtney v. Benedetto, 627 F. Supp. 523, 526 (M.D. La. 1986)(stating that 28 U.S.C. §1441(c) provides an exception to consent by all defendants to removal). While the claims against the Sullivans could not be removed to federal court because they do not arise under 28 U.S.C. §1331, the claim against the Union relates to an employee benefit plan governed by ERISA and falling within the original jurisdiction of this Court.

WHEREFORE, Defendant Plumber's Union, Local No. 12 gives notice that the action entitled Braintree Hospital LLC D/B/A Northeast Specialty Hospital of Braintree, Civil Action No. 04-01384, Norfolk Superior Court, Commonwealth of Massachusetts, is hereby removed therefrom to this Court.

PLUMBER'S UNION, LOCAL NO. 12

By its attorney,

_/s/ David W. Healey_____
David W. Healey (BBO# 548262)
DAVID W. HEALEY & ASSOCIATES
77 Franklin Street, Suite 805
Boston, MA 02110
(617) 457-3131

## CERTIFICATE OF SERVICE

I, David W. Healey, hereby certify that on October 8, 2004 I caused to be served a copy of this instrument by mailing same first class mail, postage prepaid, to the following: Anthony J. Pignone, Law Office of Anthony J. Pignone, 909 Sumner Street, Stoughton, MA 02072 (Plaintiff's Attorney), and to Mark F. Cavanaugh, Kerstein, Coren, Lichtenstein & Finkel LLP, 233 Needham Street, Newton, MA 02464-1502 (Attorney for Defendants Virginia Sullivan and John Sullivan).

_/s/ David W. Healey_____
David W. Healey