COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.
04 - 0138

BRAINTREE HOSPITAL LLC )
D/B/A NORTHEAST SPECIALTY )
HOSPITAL OF BRAINTREE )
 )
 )
vs. )
 )
VIRGINIA SULLIVAN, )
JOHN SULLIVAN, AND )
PLUMBERS' UNION, LOCAL NO. 12 )
_____)

## COMPLAINT AND JURY DEMAND

1. The Plaintiff, Braintree Hospital LLC, d/b/a Northeast Specialty Hospital of Braintree (the "Hospital") is a duly organized and existing Limited Liability Company with its usual place of business at 2001 Washington Street, Braintree, Norfolk County, Massachusetts.

2. The Plaintiff is duly licensed and authorized to operate, and does so operate, a Long Term Acute Care Hospital at the address above-stated in paragraph number one (1).

3. The Defendant, Virginia Sullivan, (the "Patient") is a former patient of Northeast and she has a primary residence at 39 Flynt Street, N. Quincy, (Norfolk) Massachusetts.

4. The Defendant, John J. Sullivan, is the husband of the first-named Defendant, Virginia Sullivan and he has a primary residence at 39 Flynt Street, N. Quincy, (Norfolk) Massachusetts.

5. The Defendant, Plumbers' Union, Local No. 12, is, inter alia, a Labor Union to which the second-named Defendant, John Sullivan, belonged (and presumably continues to belong), which provides, inter, alia, welfare, pension, annuity, and health insurance benefits to its members and their families, and it has a usual place of business located at 1230-1236 Massachusetts Avenue, (Suffolk) Massachusetts (the "Insurer").

1

16. As of the date of this complaint, the Defendant, John Sullivan, owes claims, jointly with the other-named Defendants and individually, to the Plaintiff totaling $150,205.01, plus interest, costs, and recovery fees.

17. The third-named Defendant, the Insurer, entered into a separate Agreement with the Plaintiff, (the "Insurance Agreement") whereby the Insurer agreed to assume the responsibility to pay for the inpatient Hospital services rendered to the Patient and in return for which, the Hospital agreed to accept a discounted rate of reimbursement below its usually charged rates (the "Contract Rate").

18. During much of the Patient's hospitalization, prior to the services provided during the months of June, July, and August of 2003, the Insurer dealt directly with the Plaintiff, it reimbursed the Plaintiff for the services provided to the Patient, and it received the agreed upon discounted Contract Rate.

19. The Insurer failed to meet its agreed upon obligations and has failed to pay the Plaintiff for the services the Plaintiff provided to the Patient for the dates of service between June and August 27, 2003, inclusive.

20. Accordingly, the Plaintiff made demand on the Insurer and the other Defendants for the unpaid Contract Rate due at the time of $58,650.

21. Subsequent to the Plaintiff's demand, on the Defendants, for payment at the Contract Rate, the Insurer claimed that there was no Insurer Agreement with the Plaintiff or the prior owner, Olympus. Having disavowed the Agreement, the Insurer and the Patient are not entitled to the discounted Contract Rate, and instead owe the Plaintiff the full rate.

22. As of the date of this complaint, accordingly, the third-named Defendant owes to the Plaintiff, jointly with the other named Defendants, and individually, claims totaling $150,205.01, plus interest, costs, and recovery fees.

WHEREFORE, Plaintiff demands Judgment against the Defendants in the amount of One Hundred and Fifty Thousand, Two Hundred and Five Dollars and One Cent, plus interest from the date of filing, the costs and reasonable attorney's fees, and all other relief the court deems proper.

## COUNT I
(Written Contract)

23. The Plaintiff repeats, realleges, and incorporates herein by reference the allegations as contained in the paragraphs one (1) through twenty-two (22), above, and makes them a part of this count, hereof, as if stated again in full.

3

24. On or about August 13, 2001, the Plaintiff and the Defendants, Virginia Sullivan and John Sullivan entered into a written agreement.

25. Under the Agreement, the Plaintiff agreed to provide to Virginia Sullivan certain inpatient hospital services according to a schedule of rates set forth in the Agreement, or in a schedule provided by the Hospital. Both Virginia Sullivan and John Sullivan, each signing separately, agreed to pay for such services.

26. Over the period of May 10, 2002 through August 27, 2003, the Plaintiff provided to Virginia Sullivan the agreed upon inpatient hospital services, which she required and requested. The Plaintiff provided those inpatient hospital services in a professional and competent fashion and the Plaintiff invoiced Virginia Sullivan and John Sullivan on a regular basis for said services.

27. The Defendants, Virginia Sullivan and John Sullivan have refused and neglected to make full payment for said services from June 2, 2003 through August 27, 2003, inclusive.

28. Demand for payment in full of the outstanding balance, for the unpaid dates of service for June 2, 2003 through August 27, 2003, was made upon Virginia Sullivan and John Sullivan and neither Defendant has paid the balance due.

29. The outstanding balance due on the hospital services rendered to Virginia Sullivan, by the Plaintiff, is $150,205.01.

WHEREFORE, Plaintiff demands Judgment against the Defendants in the amount of One Hundred and Fifty Thousand, Two Hundred and Five Dollars and One Cent, plus interest from the date of filing, the costs and reasonable attorney's fees, and all other relief the court deems proper.

### COUNT II
(Contract with the Insurer")

30. The Plaintiff repeats, realleges, and incorporates herein by reference the allegations as contained in paragraphs one (1) through twenty-nine (29), above, and makes them a part of this count, hereof, as if stated again in full.

31. On, about, or subsequent to August 13, 2001, the Insurer, entered into the Insurer Agreement with the Plaintiff.

32. Under the Insurer Agreement, the Defendant Insurer agreed to pay the Plaintiff directly for the inpatient services that its insured, the Patient, received

4

40. The Defendants owe the Plaintiff the sum of $150,205.01 plus interest from the date of filing.

WHEREFORE, Plaintiff demands Judgment against the Defendants in the amount of One Hundred and Fifty Thousand, Two Hundred and Five Dollars and One Cent, plus interest from the date of filing, the costs and reasonable attorney's fees, and all other relief the court deems proper.

## COUNT IV
### (Quantum Meruit)

41. The Plaintiff repeats, realleges, and incorporates herein by reference the allegations as contained in paragraphs one (1) through forty (40), above, and makes them a part of this count, hereof, as if stated again in full.

42. The Defendant, Virginia Sullivan, became a patient at the Plaintiff's hospital on or about August 13, 2001 for the purposes of receiving inpatient hospital care and treatment

43. The Defendant, Virginia Sullivan expected, or reasonably should have expected, to pay for said care and treatment.

44. The Plaintiff had, and has, a reasonable expectation of receiving payment for said care and treatment.

45. The Plaintiff duly provided such care and treatment, but the Defendants have refused, failed, neglected, or all, to pay in full for the same.

46. The fair and reasonable value of said care and treatment, after deduction of all payments made on account for the described periods of time through the date of this complaint is $150,205.01.

6

WHEREFORE, Plaintiff demands Judgment against the Defendants in the amount of One Hundred and Fifty Thousand, Two Hundred and Five Dollars and One Cent, plus interest from the date of filing, the costs and reasonable attorney's fees, and all other relief the court deems proper.

## V. JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted for the Plaintiff,
Braintree Hospital LLC
d/b/a Northeast Specialty Hospital
of Braintree, by its Attorney

Anthony J. Pignone
Law Office of Anthony J. Pignone
909 Summer Street
Stoughton, MA 02072
(781) 297-8508
BBO# 635806

Dated August 17, 2004

7