UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAINTREE HOSPITAL LLC<br>d/b/a Northeast Specialty Hospital<br>of Braintree,<br><br>            Plaintiff,<br><br>vs.<br><br>VIRGINIA SULLIVAN, JOHN SULLIVAN,<br>and PLUMBER'S UNION, LOCAL NO. 12<br><br>            Defendants. | CIVIL ACTION<br>NO. 04-12136REK |

ANSWER OF DEFENDANT PLUMBER'S UNION,
LOCAL NO. 12 INCLUDING AFFIRMATIVE DEFENSES

Defendant Plumber's Union, Local No. 12 (the "Defendant") in answer to Plaintiff's Complaint, states as follows with respect to each of the correspondingly numbered paragraphs of the Complaint:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 but states that such information is consistent with its records.

5. Defendant admits that it is a labor union and that John Sullivan is a member.

Defendant denies the remaining allegations of paragraph 5 including but not limited to the allegation that characterizes the Defendant as an "Insurer."

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 to the extent that they refer to Defendants John Sullivan and Virginia Sullivan. Defendant denies the allegations of paragraph 6 to the extent the word "Defendants" is intended to include the Defendant.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13. Defendant denies that it is an "Insurer" and denies that it "later paid that debt to the Plaintiff's Hospital."

14. Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 14.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 as to what, if anything, Virginia Sullivan owed to the Plaintiff at the date of the Complaint. Defendant denies that it owed, or owes, any amount to the Plaintiff.

16.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 as to what, if anything, John Sullivan owed to the Plaintiff at the date of the Complaint. Defendant denies that it owed, or owes, any amount to the Plaintiff.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Defendant denies that any agreement existed between it and the Plaintiff for payment of any amount to Plaintiff and denies that it communicated with Plaintiff to disavow such agreement, which never existed between Plaintiff and Defendant. Defendant denies that it has any contractual or other obligation to pay the Plaintiff any amount for the alleged services performed by Plaintiff to Virginia Sullivan.

22.    Denied.

## COUNT I
### (Written Contract)

23.    Paragraph 23 does not require an answer. To the extent that paragraph 23 requires

an answer, Defendant's answers to paragraphs 1-22 are set forth herein.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

WHEREFORE, Defendant requests the Court dismiss the Complaint as it pertains to the Defendant and, because the allegations brought against the Defendant are frivolous, in bad faith and not supported by a reasonable investigation by Plaintiff's counsel, that the Court also award the Defendant its costs and reasonable attorneys' fees in defending Plaintiff's Complaint.

COUNT II
(Contract with the Insurer)

30. Paragraph 30 does not require an answer. To the extent that paragraph 30 requires an answer, Defendant's answers to paragraphs 1-29 are set forth herein.

31. Denied.

32. Denied.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. The Defendant denies that the events stated in paragraph 34 occurred as to the Defendant because Defendant denies that it ever made any agreement with Plaintiff or Virginia Sullivan or John Sullivan concerning alleged services provided by Plaintiff.

35. Defendant admits that it has not paid any amounts to the Plaintiff because Defendant does not owe any amount to the Plaintiff. Defendant denies that it paid any amount to the Plaintiff.

36. Denied.

37. Denied.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 as they apply to the other Defendants John Sullivan and Virginia Sullivan. Defendant denies the allegations set forth in paragraph 38 as they pertain to it.

WHEREFORE, Defendant requests the Court dismiss the Complaint as it pertains to the Defendant and, because the allegations brought against the Defendant are frivolous, in bad faith and not supported by a reasonable investigation by Plaintiff's counsel, that the Court also award the Defendant its costs and reasonable attorneys' fees in defending Plaintiff's Complaint.

## COUNT III
(Complaint on an Account: Hospital services rendered)

39. Paragraph 39 does not require an answer. To the extent that paragraph 39 requires an answer, Defendant's answers to paragraphs 1-38 are set forth herein.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 as they apply to the other Defendants John Sullivan and Virginia Sullivan. Defendant denies the allegations set forth in paragraph 40 as they pertain to it.

WHEREFORE, Defendant requests the Court dismiss the Complaint as it pertains to the Defendant and, because the allegations brought against the Defendant are frivolous, in bad faith and not supported by a reasonable investigation by Plaintiff's counsel, that the Court also award the Defendant its costs and reasonable attorneys' fees in defending Plaintiff's Complaint.

COUNT IV
(Quantum Meruit)

41. Paragraph 41 does not require an answer. To the extent that paragraph 41 requires an answer, Defendant's answers to paragraphs 1-40 are set forth herein.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

WHEREFORE, Defendant requests the Court dismiss the Complaint as it pertains to the Defendant and, because the allegations brought against the Defendant are frivolous, in bad faith and not supported by a reasonable investigation by Plaintiff's counsel, that the Court also award the Defendant its costs and reasonable attorneys' fees in defending Plaintiff's Complaint.

## GENERAL DENIALS

All allegations not specifically admitted are denied.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state any claim against the Defendant upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims against the Defendant are frivolous and not advanced in good faith, and the Defendant is entitled to its costs and attorneys' fees.

### Third Affirmative Defense

Plaintiff's state law claims against the Defendant are preempted under ERISA, under the LMRA, under the National Labor Relations Act, and/or under other federal law.

### Fourth Affirmative Defense

Plaintiff is barred from recovery through its own acts or omissions, including the equitable doctrine of unclean hands.

Respectfully submitted,

PLUMBER'S UNION, LOCAL NO. 12,

By its attorney,


 /s/David W. Healey
David W. Healey (BBO# 548262)
DAVID W. HEALEY & ASSOCIATES
77 Franklin Street, Suite 805
Boston, MA  02110
(617) 457-3131