UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAINTREE HOSPITAL LLC<br>d/b/a Northeast Specialty Hospital<br>of Braintree,<br><br>        Plaintiff,<br><br>vs.<br><br>VIRGINIA SULLIVAN, JOHN SULLIVAN,<br>and PLUMBERS UNION LOCAL 12<br>WELFARE FUND<br><br>        Defendants. | CIVIL ACTION<br>NO. 04-12136REK |

### ANSWER OF DEFENDANT PLUMBERS UNION LOCAL 12 WELFARE FUND INCLUDING AFFIRMATIVE DEFENSES

Defendant Plumbers Union Local 12 Welfare Fund (the "Defendant") in answer to Plaintiff's Amended Complaint, states as follows with respect to each of the correspondingly numbered paragraphs of the Amended Complaint:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Admitted.

4. Admitted.

5. Defendant denies that it is a Labor Union to which Defendant John Sullivan belonged. Defendant admits that in all ways pertinent to the Amended Complaint it is a self-funded "employee welfare benefit plan" within the meaning of section 3(1) of the Employee Retirement Income

Security Act of 1974, as amended (ERISA) and that it provides specified health benefits to eligible participants and their eligible dependents in accordance with plan documents. Defendant admits that it has a business address at 1230-1236 Massachusetts Avenue, Boston, Massachusetts. Defendant denies the remaining allegations of paragraph 5.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 to the extent that they refer to Defendants John Sullivan and Virginia Sullivan. Defendant denies the allegations of paragraph 6 to the extent the word "Defendants" is intended to include the Defendant.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8. To the extent Plaintiff suggests that Defendant signed an admission agreement, Defendant denies such allegation.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9. Defendant denies that the referenced "Exhibit A" was appended to such Amended Complaint provided to the Defendant.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13. Defendant denies that it is an "Insurer" as characterized by Plaintiff in that Defendant is not an insurance company but a self-funded trust. Defendant admits that it paid claims for Virginia Sullivan incurred at Plaintiff's Hospital in accordance with its plan documents for treatment incurred prior to June 18, 2003.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14. Defendant denies that it owes Plaintiff any debt.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 as to what, if anything, Virginia Sullivan owed to the Plaintiff at the date of the Amended Complaint. Defendant denies that it owed, or owes, any amount to the Plaintiff. Defendant denies that the referenced "Exhibit B" was appended to such Amended Complaint provided to the Defendant.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 as to what, if anything, John Sullivan owed to the Plaintiff at the date of the Amended Complaint. Defendant denies that it owed, or owes, any amount to the Plaintiff.

17. Denied.

18. Defendant admits that it paid claims of Virginia Sullivan and invoices of Plaintiff's Hospital while Ms. Sullivan was an eligible dependent in accordance with the terms of the Defendant's plan documents, and only to the extent such benefits were payable under such plan documents. Defendant admits that it informed Plaintiff's Hospital that under its plan documents any charges which exceeded what the Trustees of the Defendant consider fair and reasonable value for

such services and supplies would not be covered by the plan documents and therefore not paid by the Defendant, that it considered the rate charged by Plaintiff's Hospital for one full inpatient day of admission to be excessive and that Virginia Sullivan was not eligible for payment of claims in excess of a specified amount. Defendant admits that it informed Plaintiff's Hospital of the amount that Defendant considered fair and reasonable. Defendant admits that Plaintiff's Hospital acknowledged that it would not balance bill Virginia Sullivan for the difference between what it charged and what was covered under the terms of the plan documents. Defendant denies the remaining allegations of paragraph 18.

19. Defendant denies that it failed to pay all claims for Virginia Sullivan that were covered by the terms of the plan documents as interpreted by the Trustees of the Defendant in their sole discretion. Defendant denies that Plaintiff has standing to seek payment of claims under the Defendant's plan documents. Defendant denies the remaining allegations contained in paragraph 19.

20. Defendant admits that Plaintiff has made demand for payment of monies from the Defendant and that Defendant has informed Plaintiff that under the plan documents it lacks standing to request payment and is not entitled to payment of assets of the Defendant.

21. Defendant denies that any agreement existed between it and the Plaintiff for payment of any amount to Plaintiff and denies that it communicated with Plaintiff to disavow such agreement, which never existed between Plaintiff and Defendant. Defendant denies that it has any contractual or other obligation to pay the Plaintiff any amount for the alleged services performed by Plaintiff to Virginia Sullivan.

22. Denied.

## COUNT I
### (Written Contract)

23.    Paragraph 23 does not require an answer. To the extent that paragraph 23 requires an answer, Defendant's answers to paragraphs 1-22 are set forth herein.

24.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.    Defendant admits that it received claims from Virginia Sullivan pertaining to invoices attributable to alleged services from Plaintiff's Hospital during such period. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26. Defendant denies that the treatment received by Virginia Sullivan on or after June 18, 2003 was "Medically Necessary" as defined by the Defendant's plan documents.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

WHEREFORE, Defendant requests the Court dismiss the Amended Complaint as it pertains to the Defendant and, because the allegations brought against the Defendant are frivolous, in bad faith and not supported by a reasonable investigation by Plaintiff's counsel, that the Court also award

the Defendant its costs and reasonable attorneys' fees in defending Plaintiff's Amended Complaint.

## COUNT II
### (Contract with the Insurer)

30. Paragraph 30 does not require an answer. To the extent that paragraph 30 requires an answer, Defendant's answers to paragraphs 1-29 are set forth herein.

31. Denied.

32. Denied.

33. Defendant admits that it received claims from Virginia Sullivan pertaining to invoices attributable to alleged services from Plaintiff's Hospital during such period. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33. Defendant denies that the treatment received by Virginia Sullivan on or after June 18, 2003 was "Medically Necessary" as defined by the Defendant's plan documents.

34. Defendant is an employee welfare benefit plan and does not dictate to a patient under what circumstances or where it should obtain treatment. Whether a participant or eligible dependent is eligible for payment of benefits is subject to the terms of the plan documents and is determined in accordance with the plan documents as interpreted by the Trustees in their sole discretion. Defendant denies the remaining allegations of paragraph 34.

35. Defendant denies that it is an "Insurer" as so characterized. Defendant denies that it owes any amount to the Plaintiff.

36. As Plaintiff does not specify any particular invoices, Defendant denies the allegations of paragraph 36. Defendant admits that it has not paid any claim of Virginia Sullivan attributable to acute inpatient admission at Plaintiff's Hospital on or after June 18, 2003.

37. Defendant admits that it notified Virginia Sullivan in writing that her claims submitted for treatment at Plaintiff's Hospital on and after June 18, 2003 were denied as not "Medically Necessary" within the meaning of the Defendant's plan documents. Defendant denies the remaining allegations contained in paragraph 37.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 as they apply to the other Defendants John Sullivan and Virginia Sullivan. Defendant denies the allegations set forth in paragraph 38 as they pertain to it.

WHEREFORE, Defendant requests the Court dismiss the Amended Complaint as it pertains to the Defendant and, because the allegations brought against the Defendant are frivolous, in bad faith and not supported by a reasonable investigation by Plaintiff's counsel, that the Court also award the Defendant its costs and reasonable attorneys' fees in defending Plaintiff's Amended Complaint.

## COUNT III
(Complaint on an Account: Hospital services rendered)

39. Paragraph 39 does not require an answer. To the extent that paragraph 39 requires an answer, Defendant's answers to paragraphs 1-38 are set forth herein.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 as they apply to the other Defendants John Sullivan and Virginia Sullivan. Defendant denies the allegations set forth in paragraph 40 as they pertain to it.

WHEREFORE, Defendant requests the Court dismiss the Amended Complaint as it pertains to the Defendant and, because the allegations brought against the Defendant are frivolous, in bad

faith and not supported by a reasonable investigation by Plaintiff's counsel, that the Court also award the Defendant its costs and reasonable attorneys' fees in defending Plaintiff's Amended Complaint.

## COUNT IV
### (Quantum Meruit)

41. Paragraph 41 does not require an answer. To the extent that paragraph 41 requires an answer, Defendant's answers to paragraphs 1-40 are set forth herein.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45. Defendant admits that it has refused to make any payment to Plaintiff for claims incurred by Virginia Sullivan on or after June 18, 2003 and denies that Defendant is obligated to make any such payment to Plaintiff.

46. Denied.

WHEREFORE, Defendant requests the Court dismiss the Amended Complaint as it pertains to the Defendant and, because the allegations brought against the Defendant are frivolous, in bad faith and not supported by a reasonable investigation by Plaintiff's counsel, that the Court also award the Defendant its costs and reasonable attorneys' fees in defending Plaintiff's Amended Complaint.

## GENERAL DENIALS

All allegations not specifically admitted are denied.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state any claim against the Defendant upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims against the Defendant are frivolous and not advanced in good faith, and the Defendant is entitled to its costs and attorneys' fees.

### Third Affirmative Defense

Plaintiff's state law claims against the Defendant are preempted and superseded by the Employee Retirement Income Security Act of 1974, as amended, and/or other federal law.

### Fourth Affirmative Defense

Plaintiff is barred from recovery through its own acts or omissions, including the equitable doctrine of unclean hands.

### Fifth Affirmative Defense

Plaintiff lacks standing as an enumerated person under ERISA §502(a) to bring its action against the Defendant.

### Sixth Affirmative Defense

To the extent Plaintiff seeks payment for claims prior to June 18, 2003, Plaintiff's claims have been released by Plaintiff.

<u>Seventh Affirmative Defense</u>

To the extent Plaintiff seeks payment for claims prior to June 18, 2003, Plaintiff's claims are barred by the applicable limitations period set forth in Defendant's plan documents.

Respectfully submitted,

PLUMBERS UNION LOCAL 12 WELFARE FUND

By its attorney,

 /s/David W. Healey
David W. Healey (BBO# 548262)
DAVID W. HEALEY & ASSOCIATES
77 Franklin Street, Suite 805
Boston, MA  02110
(617) 457-3131

CERTIFICATE OF SERVICE

I, David W. Healey, hereby certify that on December 22, 2004 I caused to be served a copy of this instrument by mailing same first class mail, postage prepaid, to Anthony J. Pignone, 909 Sumner Street, Stoughton, MA  02072 and to Mark Cavanaugh, Kerstein, Coren, Lichtenstein & Finkel LLP, 233 Needham Street, Newton, MA  02464-1502.

 /s/ David W. Healey
David W. Healey